**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. GLR-23-0353 |
| | * | |
| ERIC TATAW | | |
| | * * * | |

**DEFENDANT ERIC TATAW'S RESPONSE IN OPPOSITION TO THE
GOVERNMENT'S *IN LIMINE* MOTIONS**

Defendant Eric Tataw, by and through undersigned counsel, David Walsh-Little, respectfully responds to the Government's Omnibus Motions *In Limine* (ECF No. 155), and in support thereof states as follows:

**INTRODCTION**

In its affirmative motions to introduce a variety of uncharged conduct in this matter, the Government seeks to introduce evidence of alternative allegations of fraud, unsubstantiated threats of a witness, and the alleged unfair taking of resources from an individual identified as C.F.  This evidence falls outside the scope of the Federal Rules of Evidence, would confuse the jury, and expand the trial to numerous mini trials.  These requests should be denied.

Despite this overly broad view of the standards of admissibly for federal trials for its own evidence, the Government also seeks to preclude evidence that Mr. Tataw's activities in Cameroon are "humanitarian."  Mr. Tataw resided in Cameroon most of his life before emigrating to the United States.  Some of his past journalist activities were based on coverage of events in Africa including for the company, National Telegraph, which is at issue in the trial. Mr. Tataw does not intend to defend any other charges other than those in this case, including

those pending in Case No. GLR-25- 0129, at the trial of this matter.  The request though to constrict the presentation of any Cameroon related activities as humanitarian is far too limiting and should also be denied.   The Court can address any objections made on these topics during the trial.

## PROCEDURAL HISTORY

Eric Tataw was charged initially by criminal complaint on September 1, 2023.  ECF No. 1.  A seven count Indictment was filed on October 3, 2023 charging Mr. Tataw with two counts of Bank Fraud in violation of 18 U.S.C. § 1344, Money Laundering in violation of 18 U.S.C. § 1957, Wire Fraud in violation 18 U.S.C. § 1343, Aggravated Identity Theft in violation of 18 U.S.C. § 1028A, and two counts of Obstruction of Justice in violation of 18 U.S.C. § 1503.

The Indictment alleges that Mr. Tataw, through a media company entitled National Telegraph, LLC, submitted fraudulent loan applications to certain federal programs set up to provide relief to small businesses during the COVID-19 pandemic.

Mr. Tataw had his initial appearance on September 1, 2023 and was temporarily detained until he was released with conditions on September 8, 2023.  ECF No. 15.  He was later detained after a hearing on June 11, 2025 and has been continuously incarcerated since that date.  At his arraignment on the pending indictment, Mr. Tataw entered not guilty pleas to all counts.  ECF No. 25.

A motions hearing was conducted on March 13, 2026.  The Government filed an Amended Indictment on March 20, 2026 with no substantive changes to the charges.  A pre-trial conference is scheduled for April 13, 2026 and a jury trial is presently scheduled for April 20, 2026.

**LEGAL STANDARD**

Fed R. Evid. 404(b) precludes the use of a prior bad act for the purpose of proving a defendant's character. The Rule provides that prior bad act evidence is only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." Pursuant to Fed R. Evid. 404(b)(3) the prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial."

To be admissible at trial, proffered evidence must meet the threshold test of relevance. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401; *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 124 (4th Cir. 2011). Relevancy calls for an examination of the "relation between an item of evidence and a matter properly provable in a case." Fed. R. Evid. 401, adv. comm. note. Whether relevancy exists, in turn, "depends upon principles evolved by experience or science, applied logically to the situation at hand." *Id.,* (citing James, *Relevancy, Probability, and the Law*, 29 Calif. L. Rev. 689, 696, n.15 (1941), in Selected Writings on Evidence and Trial 610, 615, n.15 (Fryer ed. 1957)).

The Court must exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "Evidence is unfairly prejudicial when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *PBM Prods.,* 639 F.3d at 124 (quoting *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006)); *see also, e.g.*, *United States v. Lentz*, 58 F. App'x 961, 965 (4th Cir. 2003), ("Unfair prejudice

3

means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.") (quoting Fed. R. Evid. 403 adv. comm. note).

Fed. R. Evid 608(b) empowers the trial court in its discretion to allow specific instances of conduct of a testifying witness to be inquired about on cross-examination if "they are probative of the character for truthfulness or untruthfulness of : (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about."   Other than for a prior criminal conviction, the cross-examining party may not introduce extrinsic evidence to prove the specific conduct and is therefore limited to the answer given by the witness. *Id*.

## ARGUMENT

*Evidence Regarding the Uncharged Loan Applications*

In counts one and two Mr. Tataw is charged with bank fraud in relation to two federal Paycheck Protection Plan loans submitted on April 13, 2020 and April 2, 2021.  In count four, Mr. Tataw is charged with wire fraud in relation to an application for an Economic Injury Disaster Loan submitted on October 7, 2020.  The Government has the responsibility and burden of introducing evidence related to allegations involving these three loans.  This charged conduct is separate from the other loan applications made by Mr. Tataw and referenced in the Government's motion.  They are not charged in the pending indictment and are certainly not intrinsic to the alleged fraud.

To allow evidence regarding loans submitted on August 18, 2020, February 18, 2021, and May 6, 2021 violates Fed. R.  Evid. 404(a) as it involves garden variety character evidence.  It

4

allows jurors to conclude that Mr. Tataw committed the offenses charged because he is the type of person to submit fraudulent loan applications, whether or not he did so in the three counts pending before the Court.  This is an impermissible inference and extremely prejudicial to Mr. Tataw's defense pursuant to Fed. R. Evid 403.  None of the exceptions described in Fed. R. Evid. 404(b) apply.  Evidence regarding the three uncharged loan applications should be precluded.

*Evidence Related to Individual 2*

Individual 2 was interviewed by the Government on August 29, 2023.  The report of the interview indicate that Individual 2 told the Government only that Mr. Tataw told her to "say what she knows" when discussing the pending investigation.  *Exhibit No. 1, p.3*.  Under oath before the Grand Jury, the witness testified similarly, that she saw Eric Tataw after church one day, and when discussing the legal proceeding he told Individual 2 to "just go there and say what I (Individual 2) know."  *Exhibit No.2., p. 18*.  On the follow-up question, the prosecutor doing the inquiry asked, "Did he ask you to say anything else, or that was?"  She directly and clearly answered in the negative- "No."  Again the prosecutor pushed Individual 1 for more details- "So that was – was that the extent of the conversation?" The answer was "That was that.  It was his daughter's birthday so it was a celebration."  *Id*., p. 19.

Now at the trial of this matter, the Government seeks to offer extremely prejudicial information to Mr. Tataw which is in direct conflict with the sworn testimony that they elicited in the Grand Jury.  The information the Government seeks to present stems from an interview

with Individual 2 that occurred last month.  The information at issue amounts to uncharged other crimes evidence that will prejudice the jury against Mr. Tataw when evaluating counts six and seven of the indictment, the obstruction of justice charges.   Despite the Government's representations to the contrary, this described conduct in the most recent version from Individual 2, is not intrinsic to this case and fits no exception listed in Fed. R. Evid. 404(b).  It is being offered to show that when interacting with Individual 2, Mr. Tataw acted in accordance with the charged obstruction conduct because it is in his character to do so.  Fed. R. Evid.  404(a).  As such it should be precluded as unfair character evidence.

The Court in its function as "gatekeeper" of what evidence the jury is to weigh, should strongly consider the fact that the witness in question as already admitted to lying under oath.  It severely undermines the strength of the probative value of any such testimony given its source, and is clearly outweighed by the prejudice to the defense pursuant to Fed. R. Evid 403.

### The Requested Preclusion of Humanitarian Evidence

Rule 402 of the Federal Rules of Evidence clearly states that "[I]rrelevant evidence is not admissible."  Mr. Tataw has no interest in presenting evidence that is a defense to crimes other than the ones charged in this case.  The Court can assess the admissibility of any particular evidence on the basis of the inquiry and testimony presented.  A broad prohibition of any act done on behalf of Mr. Tataw that is in the interest of another human being is not appropriate without assessing the context of the evidence.

*Impeachment Evidence of Government Witnesses*

Mr. Tataw does not intend to attempt to impeach any of the Government's witnesses on the grounds identified in ECF No. 59. Mr. Tataw does intend to impeach a witness identified in the Indictment as Individual No. 1 with prior conduct that goes to the witness's credibility pursuant to Rule 608(b) of the Federal Rules of Evidence. Eric Tataw would have raised it in an affirmative motion when he filed his motions *in limine* on March 27, 2026 but it was disclosed by the Government after those motions were filed.

The conduct involves Individual No.1 committing overtime fraud in a prior job and included the falsification of federal documents while employed at a federal building in Washington D. C. The Government witness along with colleagues stole funds from their employer. A federal investigation indicated that at the Department of Justice, Individual No. 1 chose a select group of employees to benefit from the fraudulent documented overtime fraud. A report of investigation documented by the Department of Homeland Security establishes the good faith basis for inquiring about this issue with the witness. *See Exhibit No. 3.* The conduct clearly falls within the scope of Fed R. Evid. 608.

*Impeachment Evidence of Defense Witnesses*

The Government seeks to introduce evidence about other alleged frauds concerning other businesses associated with Mr. Tataw and his life partner Beltha Mokube. They amount to no more than allegations against Mr. Tataw and would involve presenting evidence far afield from the elements of the charged counts. Additionally, they would consist of a mini trial over each

7

business including Dimmples Social, Dimmples Meat, and central to the proffered proof is information regarding witness C.F.  Still pending before this Court is a motion to preclude the testimony of C.F.  See ECF No. 141.  The relationship between C.F. and Mr. Tataw were essentially consensual business partners and do not meet the needed requirements of Fed. R. Evid. 404(b).  The proposed evidence amounts to prejudicial character evidence meant to paint Mr. Tataw as a bad person who has a propensity to commit fraud.  Such inferences are precluded by the Federal Rules of Evidence.

The same analysis applies to the described employment records from Capital Care  Inc. and that involve Claude Tataw.  If this evidence is allowed to be admitted, it will distract the jury from assessing the counts authorized by the Grand Jury.  Instead of focusing on the elements of the counts charged, the Government seeks numerous mini-trials on a variety of alternative topics to confuse the issues with an attempt to convict Mr. Tataw on character evidence.

**CONCLUSION**

For the foregoing reasons, Eric Tataw requests that the motions of the Government addressed in this response be denied, requests a hearing on this motion, and any other and further relief that justice demands.

Respectfully submitted

_____/s/_____
DAVID WALSH-LITTLE, #23586
The Law Office of David Walsh-Little, LLC
1014 West 36th Street
Baltimore, Md 21211
Tel: 1.410.205.9337
Fax: 1.667.401.2414
Email: david@walshlittlelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion was sent to all parties via

CM/ECF.

_____/s/_____
DAVID WALSH-LITTLE, #23586

9